Case 4:15-cv-02769   Document 22   Filed in TXSD on 03/17/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONTOURMED INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2769 |
| | § | |
| AMERICAN BREAST CARE L.P., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is a motion to dismiss filed by defendant American Breast Care L.P. ("ABC"). Dkt. 11. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

Plaintiff ContourMed Inc. ("ContourMed") is the owner of all rights, title, and interests in United States Patent No. 7,058,439 (the "'439 Patent"), titled "Methods of Forming Prostheses." Dkt. 1, Ex. 1. The Abstract of the '439 Patent reads in part:

> A breast prosthesis may be formed by forming an outer layer on a mold, and filling the mold with a polymerizable foaming composition. The mold may be formed by forming a computer model of the prosthesis based on scanning a patient. The computer model may be used to form a solid model.

*Id.* ContourMed uses the technology disclosed and claimed in the '439 Patent to provide custom prosthesis-forming services to patients who have had a mastectomy. Dkt. 1 at 2.

ContourMed filed this lawsuit on September 22, 2015, alleging that ABC infringed and continues to infringe the '439 Patent by practicing methods of forming breast prostheses in violation of 35 U.S.C. § 271. *Id.* at 1. ContourMed seeks damages for lost profits and royalties of an amount

no less than a reasonable royalty under 35 U.S.C. § 284. *Id.* at 3, 5. ContourMed contends that it has suffered irreparable harm from ABC's actions and will continue to suffer unless ABC is permanently enjoined from infringing the '439 Patent under 35 U.S.C. § 283. *Id.* Additionally, ContourMed asserts both entitlement to enhanced damages under 35 U.S.C. § 284 because of ABC's alleged willful infringement and an award of attorneys' fees because of the exceptional nature of the case under 35 U.S.C. § 285. *Id.* at 6.

ABC now moves to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6), asserting that the '439 Patent claims ineligible subject matter directed to the abstract idea of generic computer modeling with data collected from a generic scanner. Dkt. 11 at 11. In making its argument for subject matter ineligibility, ABC references both the prosecution history of the '439 Patent and prior art references, attaching these documents as exhibits to its motion to dismiss and requesting that the court take judicial notice of these matters of public record. Dkt. 11, Exs. B–E. ContourMed contends that the consideration of the prosecution history and prior art is premature at this stage of litigation. Dkt. 14 at 9. Further, ContourMed argues that the '439 Patent does not claim an abstract idea because the scanning system is not generic, and that even if the court considered the patent directed to an abstract idea, the use of novel, non-abstract components transforms the invention into patent-eligible subject matter. *Id.* at 5.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "[A] complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6) unless those materials are subject to judicial notice or central to plaintiff's claim and referred to in the complaint. *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))).

### III. ANALYSIS

**A.      Judicial notice of exhibits attached to defendant's motion to dismiss**

Judicial notice applies to indisputable facts that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. ABC contends that the court may take judicial notice of the prosecution history and prior art references of the '439 Patent to decide the motion to dismiss because both are matters of public record. Dkt. 11 at 9. However, judicial notice of matters of public record is limited to materials like general historical observations, court orders, administrative publications, and dictionary definitions.

3

*E.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932 (1986) (taking judicial notice of the history of lands allocated to public schools by the government); *Refac Int'l, Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1584 n.2 (Fed. Cir. 1996) (taking judicial notice of the Manual of Patent Examining Procedure published by the USPTO); *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders); *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio 2009) (taking judicial notice of dictionary definitions). ContourMed rightly asserts that consideration of prosecution history and prior art references is misplaced and premature at this stage in the pleadings. Dkt. 14 at 9. Accordingly, judicial notice of prosecution history and prior art, while publicly available, is not appropriate because the facts asserted in those documents could be disputed by the plaintiff, if given the opportunity.

**B.     Subject matter eligibility of the '439 Patent**

Under Section 101 of the Patent Act, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101 (2012). While the Supreme Court interprets the statutory language to "include anything under the sun that is made by man," long-standing precedent bars the grant of a patent directed to "laws of nature, physical phenomena, or abstract ideas," except for certain circumstances. *Diamond v. Chakrabarty*, 447 U.S. 303, 309, 100 S. Ct. 2204 (1980). However, courts should be mindful that "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012).

In *Alice Corp. v. CLS Bank International*, the Supreme Court set out a two-part test for determining whether a patent claim is directed toward ineligible subject matter. 134 S. Ct. 2347,

2355 (2014). First, the court must determine "whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* Second, if the patent is directed to a patent-ineligible concept, the court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 132 S. Ct. at 1297–98).

Thus, the court first asks whether the claims at issue in the '439 Patent are directed to an abstract idea. ContourMed argues that the claims of the '439 Patent are directed to patent-eligible subject matter as opposed to an abstract idea because the claimed "scanning system" includes an imaging device and "expressly requires 'one or more alignment markers,'" adhesive tape placed on the subject prior to imaging that aids the 3D modeling process. Dkt. 14 at 5; Dkt. 1, Ex. 1. Conversely, ABC argues that the '439 Patent is directed to an abstract idea because the patent claims the creation of a "computer model on a generic computer using data collected conventionally using a generic scanner system." Dkt. 11 at 11. ABC further contends that claim 1 of the '439 Patent "is logically indistinguishable from the claims held invalid in *Alice*." *Id.*

Abstract ideas generally encompass concepts like mathematical equations and business methods, though not all inventions claiming these abstract ideas are held invalid. *Compare Diamond v. Diehr*, 450 U.S. 175, 188, 101 S. Ct. 1048 (1981) (holding that a patent claiming a mathematical equation used to improve the process of curing rubber was abstract but still patent-eligible), *with Bilski v. Kappos*, 561 U.S. 593, 609, 130 S. Ct. 3218 (2010) (holding that a patent claiming a method to hedge risk in financial transactions was an invalid abstract idea). Courts preclude patent protection for inventions that merely conceptualize an abstract idea out of fear that a patent on such an idea would "pre-empt use of [the] approach in all fields, and would effectively grant a monopoly over [the] abstract idea." *Bilski*, 561 U.S. at 612. In *Alice*, the patent at issue claimed a method of

5

using a third party to mitigate settlement risks. 134 S. Ct. at 2356. The Court analogized this intermediated settlement to the risk-hedging patent in *Bilski*, reasoning that both patents conceptualize "'a fundamental economic practice long prevalent in our system of commerce.'" *Id.* (quoting *Bilski*, 561 U.S. at 611). The Court reasoned that both the *Bilski* patent and the patent at issue in *Alice* are abstract because they are drawn to "building block[s] of the modern economy." *Id.* Unlike the patents at issue in *Alice* and *Bilski*, the '439 Patent does not claim a "building block of the modern economy." *Id.*

The other cases used by ABC to argue that the '439 Patent is directed to an abstract idea all lack physical components, merely beginning with data collection and ending with data storage. *See e.g.*, *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (holding a method of collecting data with a scanner, recognizing certain data, and storing data on a computer to be abstract); *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 56 F. Supp. 3d 813, 823 (E.D. Va. 2014) (holding a database that compiles data and reports network usage information abstract). While the process claimed in the '439 Patent does employ software to process images and perform 3D modeling, the underlying concept involves substantial tangible components. Dkt. 1, Ex. 1. The patent claims imaging of the breast to the ultimate end of creating a breast prosthetic, using alignment markers placed on the breast and captured in the image to aid in the computer modeling. *Id.* In determining whether an invention encompasses an abstract idea, courts caution against an approach that focuses only on physical or tangible results of an invention because it "inappropriately focuses on the result of the claimed invention rather than the invention itself." *In re Ferguson*, 558 F.3d 1359, 1364 (Fed. Cir. 2009). Even taking this cautionary note into consideration, the '439 Patent still falls outside of the abstract ideas in the precedent because the

concept of the invention involves substantially more than mere data collection and storage and does not threaten to pre-empt the use of scanners and computer modeling in other fields.

Therefore, the '439 Patent is not directed to an abstract idea and does not need to be examined under the second step of the *Alice* framework. ContourMed has shown a plausible entitlement to relief and dismissal at this stage would be improper.

### IV. CONCLUSION

ABC's motion to dismiss (Dkt. 11) is DENIED.

Signed at Houston, Texas on March 17, 2016.

_____
Gray H. Miller
United States District Judge